UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

GERALD WAYNE FREDERICK JR.                                              PLAINTIFF

v.                                            CIVIL ACTION NO. 4:13CV-P91-M

ADVANCED CORRECTIONAL HEALTHCARE *et al.*                               DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Gerald Wayne Frederick Jr., a state inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff filed this action while incarcerated as a convicted inmate in the Hopkins County Jail (HCJ) complaining of conditions at that facility. He has since been transferred to the Roederer Correctional Complex (RCC). Plaintiff sues Advanced Correctional Healthcare and the following nurses at the HCJ in their individual and official capacities: Jodi Blake; Angie Pleasant; Nicole; and Megan Banks.

Broadly, without naming a specific Defendant, Plaintiff alleges (1) the use of faulty equipment to determine a medical issue; (2) false treatment and prescription of medication; (3) the use of "harrasment as a method of care, by late night BP checks"; and (4) the refusal of medical treatment "concerning my Vision on going my Vision is serverly altered, now Getting Headache's." He alleges mental anguish and cruel and unusual punishment.

More specifically, Plaintiff claims that on June 19, 2012, "medical" determined that he had high blood pressure (HBP) "by utilizing faulty equipment, Repeatly Resetting To Get A Reading is A False Reading." He reports that after ten months, he requested a review "by means of A Requistion" and was not given a review. Plaintiff states that he does not have HBP or any history of hypertension and that he has "a Family Doctor, cancer doctor who can prove This Fact!" He reports filing another "Requisition" on April 13, 2013, requesting review based on faulty equipment, and he reports that in response "I was advised of Risks, again and was Told I needed To sign a Refusal. and That A Doctor makes all Decissions." On April 15, 2013, Plaintiff reports being awakened by a Confinement Officer and taken to "Medical" for a BP reading and "Of course it was normal still on medication." On that same date, claims Plaintiff, Defendant Nurse Banks tried to get him to sign a refusal of medication; Plaintiff refused; and Nurse Banks stated that "They don't even use Thoses wrist cuffs no more." Plaintiff continues as follows:

> 4-16-13 was woken by Confinement Officer To Go To medical For BP. A normal Reading of 117 over 74 same Day Received My Requisition From 4-13-13. 4-17-13 AM Go To medical for BP Reading Normal 117 over 74. I was still on Meds Of course! This is not a Review or a Recheck while still medicated. 4-18-13 woke up AM To Go To medical Reading 116 over 72. This went on For a Total of 7 days. Then I asked for a greivance, got a Reply That my BP was excellant and That "I No longer Required Treatment" at This time. I showed The Nurse on 4-23-13 The Greivance she stated That I needed To sign A Refusal, I Declined. I wasn't Refusing medication. 4-25-13 Jodi Blake came she insited I sign A Refusal or Take The pill. I tried to show her The Greivance whose signature was not legiable, what it stated She Refused To Accept what it said. She Told the Confinement Officer "bellows," To take me To suicide watch because It was life Threatning and I was Also placed in Displenary action For 10 Days. I stated How is it life Threatning when I Don't have a life Threating HBP issue. How would they know useing faulty equipment. After 6 days while I continued Taking medication I was Removed From suicide watch and displenary Action. Place in a new cell 706 for 7 days they once again checked my BP nightly. Always AM, Always A Normal Reading!

2

Plaintiff states that since "all This unnessary Treatment, They came and stated since Ive been moved my BP is excellent and only Require 1 pill a day. They since stopped checking Bp."

Plaintiff also complains of an unspecified vision problem. He states, "Now Ive been having The same kind of conduct concerning my Vision many Requisitions, Greivances, even asked The chaplin, Im still without glasses, I even had to write This whole letter with one eye closed To see."

As relief, Plaintiff seeks monetary and punitive damages and for the nurses involved to be terminated and to lose their nursing licenses.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

The Eighth Amendment protects against cruel and unusual punishment of prisoners. "The Amendment [] imposes duties on [] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Id.* at 835 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial

4

risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842).

Additionally, the law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons require a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, in interpreting this statute against prisoners' complaints, courts have required that the injury be more than *de minimis*. *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury"); *Zehner v. Trigg*, 952 F. Supp. 1318, 1327 (S.D. Ind. 1997) (holding no physical injury from asbestos in the air requires dismissal, without prejudice to plaintiff's right to later satisfy the physical injury requirement).

On the one hand, Plaintiff alleges that he was incorrectly diagnosed with hypertension based on a faulty wrist cuff. Thus, he is alleging that he does not have a serious medical need requiring treatment. On the other hand, if he had hypertension, he concedes that his readings were normal because he was on medication and advises that his medication was decreased as a result of continued normal readings. Further, even if he is attempting to assert wrongdoing for

5

being prescribed unnecessary medication, he alleges no resultant physical injury, only mental anguish for which he cannot be compensated. *See* 42 U.S.C. § 1997e(e). Finally, while late night/early morning BP checks and placement in segregation on suicide watch for a few days may be unpleasant, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987); *see also Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) ("'Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'") (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)). For all of these reasons, Plaintiff has failed to state an Eighth Amendment claim of denied or inadequate medical care with respect to hypertension.

As to his allegation of "altered" vision and headaches, Plaintiff fails to allege circumstances surrounding his denied treatment and fails to attribute this denial or any harm to any Defendant. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976); *Terrance*, 286 F.3d at 842 (stating that a plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right"). Plaintiff's allegations regarding his vision are simply too vague to state an Eighth Amendment claim.

6

**IV.**

For the reasons above, the Court will dismiss this action by separate Order.

Date: February 24, 2014

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

cc: Plaintiff, *pro se*
Defendants
Hopkins County Attorney
4414.005